UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SOLID 21, INC.,

                Plaintiff,

-versus-

CHOPARD USA LTD.; and CHOPARD &
CIE S.A. A/K/A LE PETIT-FILS DE
L.U. CHOPARD & CIE S.A.,

                Defendants.

No. 19 Civ. 3089 (LAP)

LORETTA A. PRESKA, Senior United States District Judge:

    Plaintiff Solid 21, Inc. ("Plaintiff") brings this action against Defendants Chopard USA Ltd. ("Chopard USA") and Le Petit-Fils de L.U. Chopard & Cie S.A. ("Chopard & Cie") alleging that they infringed Plaintiff's trademark for "RED GOLD" in marketing and selling Chopard watches. (Complaint dated Apr. 5, 2019 [dkt. no. 1].) Chopard & Cie has moved to dismiss the Complaint for lack or personal jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (See Notice of Motion to Dismiss, dated Aug. 16, 2019 [dkt. no. 21].) For the reasons stated below, Chopard & Cie's motion is GRANTED.

    **I.**    **Background**

    The following facts are taken from the Complaint and its exhibits. Plaintiff is a jewelry and watch company and the owner of the federally registered trademark "RED GOLD," which

1

Plaintiff uses in promoting merchandise made from a special, distinctively colored gold alloy. (Compl. ¶¶ 2, 5, 13-14 & Ex. 1.) Chopard USA is a U.S. subsidiary of Chopard & Cie, a Swiss company that sells high-end watches. (Id. ¶¶ 7, 17-19.)

The Complaint's allegations regarding Chopard USA and Chopard & Cie's misconduct are as follows:

> 20. On information and belief, at various times after Solid 21 began using RED GOLD® in commerce and after Solid 21's RED GOLD® mark was federally registered, Defendants began selling, marketing, and advertising products utilizing the RED GOLD® mark.
>
> 21. On information and belief, at various times after Solid 21 began using RED GOLD® in commerce and after Solid 21's RED GOLD mark was federally registered, Defendants also allowed third parties to promote their products utilizing the RED GOLD® mark.

(Id. ¶¶ 20-21.) Based on those allegations, Plaintiff asserts claims under the Lanham Act and New York law for trademark infringement, trademark dilution, unfair competition, false description, and deceptive acts and practices. (Id. ¶¶ 29-65.)

On June 17, 2019, Chopard USA filed an answer to the Complaint, and on August 16, 2019, Chopard & Cie filed its motion to dismiss [dkt. nos. 12, 21]. In opposing Chopard & Cie's motion to dismiss, Plaintiff submitted a declaration with exhibits purportedly showing that Chopard & Cie is subject to the Court's personal jurisdiction. (See Memorandum of Law in Opposition to Chopard & Cie's Motion to Dismiss, dated Aug. 30,

2

2019 ("Opp.") [dkt. no. 27]; Declaration of Yi Wen Wu, dated Aug. 30, 2019 ("Wu Decl.") [dkt. no. 28].) The exhibits include lists of foreign and domestic locations where various Chopard entities have offices and stores, a copy of Chopard's "Customer Service" webpage stating that there is a Chopard service and repair shop in Miami, and printouts from Bloomberg.com and LinkedIn.com with background information on Chopard & Cie and Chopard USA. (Wu Decl. Exs. 1-5.)

## II. Discussion

### a. Fed. R. Civ. P. Rule 12(b)(2)

"[T]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists," Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006), i.e., "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." Chloé v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (internal brackets omitted). "Where a court does not hold an evidentiary hearing on the jurisdictional question, it may, nevertheless, consider matters outside the pleadings." Camacho v. Vanderbilt, No. 18 Civ. 10694 (KPF), 2019 WL 6528974, at *2 (S.D.N.Y. Dec. 4, 2019) (citing Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 86 (2d Cir. 2013)).

Three key requirements must be met for a federal court to exercise jurisdiction over a defendant. First, "service of process . . . must have been procedurally proper." Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012). Next, "there must be a statutory basis for personal jurisdiction that renders such service of process effective." Id. Lastly, "the exercise of personal jurisdiction must comport with constitutional due process principles." Id. at 60.

As to the first requirement, Chopard & Cie does not contend that is was improperly served with process. As to the second requirement, Plaintiff argues that the Court may exercise jurisdiction over Chopard & Cie via the federal long-arm provision in Fed. R. Civ. P. 4(k)(2). (See Opp. at 6-7 & n.3.) That provision authorizes the exercise of jurisdiction "[f]or a claim that arises under federal law" when (1) "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" and (2) "exercising jurisdiction is consistent with the United State Constitution and laws." Fed. R. Civ. P. 4(k)(2). Applying that framework, the Court concludes that it cannot exercise jurisdiction over Chopard & Cie because, at the very least, Plaintiff has failed to establish that doing so would satisfy the U.S. Constitution's due process requirements.

Federal courts may only assert personal jurisdiction over defendants who have "certain minimum contacts with [the forum]

4

such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).[1] Due process jurisprudence distinguishes between two strains of personal jurisdiction: general and specific. See Daimler AG v. Bauman, 571 U.S. 117, 126-29 (2014). General jurisdiction permits courts to adjudicate all claims against defendants whose ties to the forum "are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting International Shoe, 326 U.S. at 317). Plaintiff concedes that Chopard & Cie, a Swiss company with no physical presence in the United States, is not "at home" here and thus not amenable to general jurisdiction. (Opp. at 7.)

Plaintiff also fails to establish that Chopard & Cie is subject to specific jurisdiction. Unlike "all-purpose" general jurisdiction, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear, 564 U.S. at 919 (internal quotation marks omitted). For a court to assert

---

[1] When analyzing whether the plaintiff has established minimum contacts under Fed. R. Civ. P. 4(k)(2), the applicable forum is the entire United States. RegenLab USA, LLC v. Estar Techs., Ltd., 335 F. Supp. 3d 526, 546 (S.D.N.Y. 2018).

specific jurisdiction over the defendant, "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S.Ct. 1773, 1780 (2017) (emphasis in original; citation and internal quotation marks omitted).

Here, Plaintiff's lawsuit arises from the alleged marketing and sale of watches "utilizing the RED GOLD® mark." (Compl. ¶¶ 20-21.) But Plaintiff has not alleged any non-conclusory facts or submitted any evidence indicating that Chopard & Cie itself engaged in claim-related conduct in or directed at the United States. At most, Plaintiff has shown that Chopard & Cie manufactured watches that its subsidiary, Chopard USA, then marketed and sold in the United States. Nothing indicates that Chopard & Cie's watches themselves bore the "RED GOLD" mark.[2] Nor is there anything indicating that Chopard & Cie participated in any promotional conduct in or directed at the forum using the "RED GOLD" mark. In fact, much the opposite, one of Plaintiff's exhibits states that Chopard USA "represents" Chopard & Cie "in

---

[2] The absence of any evidence to that effect distinguishes this case from the cases Plaintiff cites in support of its jurisdiction argument. (See Opp. at 9.) For example, in Barrocos of Fla., Inc. v. Elmassian, No. 11 Civ. 22393, 2012 WL 1622988 (S.D. Fla. May 9, 2012), the defendant manufactured and sold flower-shaped jewelry that allegedly infringed on the plaintiff's copyrighted design. In other words, the jewelry's design itself constituted infringement. Here, by contrast, Plaintiff has made no showing that Chopard & Cie's watches bore the "RED GOLD" mark on their bezel or dial or anywhere else.

6

the United States" and is responsible for "all Sales, Marketing, [and] Retail" activities. (Wu Decl. Ex. 5.) Because Plaintiff has not shown that Chopard & Cie engaged in any conduct that would justify exercising personal jurisdiction over it, the Complaint is dismissed.

Perhaps anticipating that it had failed to establish personal jurisdiction over Chopard & Cie, Plaintiff requests the opportunity to conduct jurisdictional discovery. (Opp. at 12-13.) District courts have substantial leeway in fixing the scope of discovery and "may deny jurisdictional discovery where a plaintiff fails to establish a prima facie case for jurisdiction." Herlihy v. Sandals Resorts Int'l, Ltd., No. 19-632, 2019 WL 6918531, at *2 (2d Cir. Dec. 19, 2019). Here, Plaintiff has only demonstrated that Chopard & Cie makes watches that its subsidiary markets and sells in the United States. This meager showing does not even come close to meeting the prima facie standard and is not enough to justify subjecting Chopard & Cie to discovery. The request for jurisdictional discovery is therefore denied.

### b. Fed. R. Civ. P. 12(b)(6) Motion

To withstand a Rule 12(b)(6) dismissal motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When ruling on a Rule 12(b)(6) motion, courts must accept all facts pleaded in the complaint as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Plaintiff falls well short of meeting Twombly's plausibility standard. The only allegations as to Chopard & Cie's purported use of the "RED GOLD" mark consist of wholly conclusory sentences unsupported by any specific facts. Plaintiff makes no distinction between the two defendants and simply recites the elements of its causes of action. That kind of pleading gives Chopard & Cie no notice of what conduct Plaintiff seeks to challenge in this action and no way to meaningfully prepare its defense. The claims are therefore dismissed. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do.").

## III. Conclusion

For the foregoing reasons, Chopard & Cie's motion to dismiss [dkt. no. 21] is GRANTED.[3] The Clerk of the Court is directed to close the open motion.

Counsel shall confer and inform the Court by letter no later than February 18 how they propose to proceed.

**SO ORDERED.**

Dated:  New York, New York
        February 3, 2020

_____
Loretta A. Preska
Senior U.S. District Judge

---

[3] In its briefing, Chopard & Cie raises a few other arguments in support of dismissal, including that Plaintiff's lawsuit is barred as res judicata under the "two-dismissal" rule embodied in Fed. R. Civ. P. 41(a)(1). (Def. Br. at 14-15.) Because Plaintiff has failed to establish personal jurisdiction or allege any plausible entitlement to relief, the Court declines to address Chopard & Cie's other arguments at this time.

9